IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-2101-SMY |
| | ) | |
| JOHN BALDWIN, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| KAREN JAIMET, | ) | |
| PATRICK KEANE, | ) | |
| LARUE LOVE, | ) | |
| MARCUS MYERS, | ) | |
| CAROL MCBRIDE, | ) | |
| MR. MALCOM, | ) | |
| MR. ONALSKI, | ) | |
| WAHL, | ) | |
| PITMAN, | ) | |
| HUBBER, | ) | |
| and ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This case was severed on November 21, 2018 from *Norfleet v. Baldwin*, Case No. 18-cv-1758-MJR (Doc. 1). It involves the claims designated as Counts 4 and 5 in the original case, described as follows:

Count 4: Baldwin, Lashbrook, Love, Jaimet, Malcolm, Hubber, Onalski, Wahl, Pitman, and IDOC refused to comply with Plaintiff's indefinite waist chain permit, causing bruising, cuts, and swelling to Plaintiff's wrists and fingers in November 2016 and February 2017 in violation of the Eighth Amendment, Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA").

1

> Count 5: Myers, McBride, Baldwin, and Lashbrook either instituted or were deliberately indifferent to IDOC's policy, practice, or custom of breaking inmates fingers to force them to comply with black box restraints, pursuant to which Plaintiff's fingers were broken in November 2016 in violation of the Eighth Amendment.

The case is now before the Court for consideration of Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 12), Motion to Clarify (Doc. 11), and preliminary review of the First Amended Complaint.

Plaintiff's proposed First Amended Complaint adds dates when his waist chain permit was allegedly ignored in November 2016. He also seeks to add Patrick Keane to his allegations in Count 4. Finally, the First Amended Complaint does not include Count 5. The Court **GRANTS** the Motion to Amend (Doc. 12) and **DIRECTS** the Clerk to file the First Amended Complaint on the docket. The Clerk is also **DIRECTED** to add Patrick Keane to the docket as a defendant.

Plaintiff's Motion to Clarify (Doc. 11) is **DENIED**. In the Motion, Plaintiff informs the Court that he is seeking to amend his Complaint in *Norfleet v. Baldwin*, Case No. 18-cv-1524-SMY to add the claims in this case. Those claims were previously dismissed as they were improperly joined with other claims. (Case No. 18-cv-1524, Doc. 9, p. 11). Plaintiff's claims in this case are not currently claims in Case No. 18-cv-1524. As such, the Court will proceed with its review of Plaintiff's First Amended Complaint.

## **The Amended Complaint**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff makes the following allegations with respect to Count 4 in his Amended Complaint: On November 1, 2016, November 8, 2016, November 15, 2016, November 17, 2016, and February 14, 2017, Defendants Baldwin, Lashbrook, Jaimet, Keane, Malcom, Hubber, Love, Onalski, Wahl, Pitman, and the Illinois Department of Corrections ("IDOC") refused to comply with Plaintiff's waist chain permit. As a result, Plaintiff suffered cuts, bruising, and swelling to his wrists during numerous transports. His chronic displaced nerve condition was also aggravated by the failure to abide by the permit.

## Discussion

Plaintiff states a viable claim under the Eighth Amendment, ADA, and/or RA. *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976); 42 U.S.C. § 12101 *et seq.*; 29 U.S.C. §§ 794–94e. However, Plaintiff's inclusion of IDOC as a defendant separately from John Baldwin is duplicative. While IDOC is the only proper defendant for an ADA/RA claim, a suit against Baldwin in his official capacity suffices to name IDOC. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Department of Corrections,* 685 F.3d 667, 671, 670 n.2 (7th Cir. 2012) (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Therefore, IDOC will be dismissed from Count 4 and Count 4 will proceed against Baldwin in his individual and official capacity.[1] To the extent Plaintiff sues the remaining named defendants in their official capacities, those claims will be **DISMISSED without prejudice**. Because Plaintiff's First Amended Complaint does not assert claims against Marcus Myers and Carol McBride, those individuals will also **DISMISSED without prejudice.**

---

[1] John Baldwin is also sued in his official capacity to the extent Plaintiff seeks injunctive relief.

## Disposition

**IT IS HEREBY ORDERED** that Count 4 shall proceed against John Baldwin, Jacqueline Lashbrook, Karen Jaimet, Patrick Keane, Mr. Malcom, Hubber, LaRue Love, Mr. Onalski, Wahl, and Pitman.

IDOC, Marcus Myers, and Carol McBride are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate the parties from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants John Baldwin (official and individual capacity), Jacqueline Lashbrook, Karen Jaimet, Patrick Keane, Mr. Malcom, Hubber, LaRue Love, Mr. Onalski, Wahl, and Pitman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 6/19/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants

will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**