IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02101-SMY |
| | ) |
| JOHN BALDWIN, | ) |
| JACQUELINE LASHBROOK, | ) |
| KAREN JAIMET, | ) |
| LARUE LOVE, | ) |
| DONALD MALCOM, | ) |
| JASON OLKOSKI, | ) |
| CHAD WALL, | ) |
| MICHAEL PITTMAN, | ) |
| KEITH HUBLER, and | ) |
| PATRICK KEANE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marc Norfleet, an inmate in the custody of the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment rights and his rights under the Americans with Disabilities Act and Rehabilitation Act while he was incarcerated at Menard Correctional Center ("Menard"). Now pending before the Court is Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 33).[1] For the following reasons, Defendants' motion is

---

[1] Plaintiff is restricted from filing any papers in courts in the Circuit until he has fully paid all outstanding fees and sanctions imposed against him in civil actions. *See Norfleet v. Baldwin*, No. 19-1337, Doc. 9 (7th Cir. April 9, 2019. Because this filing ban remains in effect, Defendants' motion is unopposed. Pursuant to Local Rule 7.1(c), Plaintiff's lack of a response could be construed as an admission of the merits of the motion, even though he is subject to a filing restriction. However, the Court will exercise its discretion to review the motions on the merits.

**GRANTED**.[2]

## Discussion

On November 21, 2018, this case was severed from 18-cv-1758 (*See* Doc. 1). Subsequently, the following claim survived the Court's review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A:

> Count 4: Baldwin, Lashbrook, Jaimet, Keane, Malcom, Hubler, Love, Olkoski, Wall, and Pittman refused to comply with Plaintiff's indefinite waist chain permit, causing cuts and swelling to Plaintiff's wrist and fingers in November 2016 and February 2017 in violation of the Eighth Amendment, Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA").

(Docs. 13, 14).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Here, in order to exhaust his claims properly, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code and IDOC's Grievance Procedures for Offenders. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*.

---

[2] The Court has reviewed Defendants' written submissions and the record and finds that whether Plaintiff exhausted his administrative remedies is a purely legal question in this case. As such, a hearing to determine material facts is not necessary.

Records from the Administrative Review Board ("ARB") indicate that Plaintiff filed two grievances relevant to his claims in this case. He filed an emergency grievance on November 4, 2016, complaining that staff was not honoring his medical permit, in retaliation for him exercising his First Amendment rights to file lawsuits and grievances. (Doc. 34-1, p. 11). Specifically, Plaintiff claimed that Defendants Wall and Pittman failed to honor his permit on November 1, 2016. The Chief Administrative Officer ("CAO") marked the grievance as a non-emergency on November 15, 2016 and a counselor responded to it on December 5, 2016. (*Id.*). The grievance was received by the grievance office on January 3, 2017, but no grievance officer responded to it on the merits because it was received outside of the 60-day timeframe required by Department Rule 504. (*Id.*, p. 12). The ARB received Plaintiff's appeal on February 1, 2017 and rejected it on February 16, 2017 for being submitted outside the required timeframe. (*Id.*, p. 10).

The ARB's records also show that Plaintiff attempted to exhaust a grievance dated December 12, 2016. In that grievance, Plaintiff complained that Defendants Malcom, Hubler, and Olkoski refused to honor his waist chain permits in November 2016. (Doc. 34-1, p. 15). There is no apparent response to the grievance from a counselor, a grievance officer, or the CAO. It was received by the ARB on December 20, 2016 and returned to Plaintiff on December 30, 2016. (*Id.*, p. 14). Plaintiff was directed to provide copies of the responses from his counselor, a grievance officer, and the CAO, but there is no record that he resubmitted the grievance.

As described, neither of the above-referenced grievances were exhausted fully because Plaintiff failed to comply with applicable IDOC grievance procedures. And, no grievance in the record addresses incidents alleged to have taken place in February 2017. Accordingly, Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies (Doc. 33) is **GRANTED** and this action is **DISMISSED without prejudice**. The Clerk of Court

is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  July 29, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**
